# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:20CR00014 |
| v. ) | **OPINION** |
| ) | |
| **TRACY LEONARD BROWN,** ) | JUDGE JAMES P. JONES |
| Defendant. ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Tracy Leonard Brown, Defendant Pro Se.*

Tracy Leonard Brown, previously sentenced by this court, has filed a Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, alleging that he was deprived of effective assistance of counsel. The United States has filed a Motion to Dismiss, and the defendant has responded. For the reasons stated, I will grant the Motion to Dismiss and dismiss the § 2255 motion.

I.

On July 3, 2019, Brown was involved in a vehicular and foot pursuit after sheriff's deputies witnessed him make an illegal U-turn before reaching a license checkpoint in Carroll County, Virginia. After the pursuit ended, deputies conducted a search of Brown's person, finding a knife and a zipper case containing several bags of methamphetamine. A search of Brown's vehicle led to the seizure of a second zipper case containing a crystal substance, a backpack containing bags of

methamphetamine, an unlocked safe containing a pistol with a loaded magazine, and drug paraphernalia.  A subsequent search pursuant to a search warrant resulted in the seizure of a glass smoking device and a black tube sock containing another pistol with an extended magazine, fully loaded.  A phone located in the vehicle was later found to hold text message conversations from that same date as the pursuit, involving discussions about money owed and instructions to be careful because unidentified persons were out everywhere, some sitting and some driving.

Two months later, a grand jury of this court returned a five-count Superseding Indictment, charging Brown with knowingly and intentionally possessing with the intent to distribute 500 grams or more of a mixture containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (Count One); possessing firearms and ammunition after having been convicted of a crime punishable by imprisonment for a term exceeding one year and while knowingly being an unlawful user of a controlled substance, in violation of 18 U.S.C. §§ 922(g)(1), (g)(3), and 924(a)(2) (Count Two); knowingly using and carrying a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. 924(c) (Count Three); and two counts of knowingly and intentionally distributing and possessing with the intent to distribute a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Counts Four and Five).  Counts One, Two, and Three were based on the July 3, 2019, events described above.  Counts Four and Five referenced

two different June 2019 dates — on or about June 18, 2019 (Count Four) and on or about June 21, 2019 (Count Five).

At trial in September 2020, the government introduced testimony from several witnesses, including confidential informant Candace Gravely, Investigator Chuck Edwards of the Carroll County Sheriff's Office and the Twin County Drug Task Force, and Sergeant David Meredith of the Wythe County Sheriff's Office and the Claytor Lake Drug Task Force. Candace Gravely testified that she made two controlled purchases of methamphetamine from Brown on June 18, 2019, and on June 21, 2019, in Wythe County, Virginia. Investigator Edwards testified about his participation in the searches of Brown's vehicle, his seizure of phones located in Brown's vehicle, the search warrant Edwards obtained for one of the phones, and a report generated from such phone including the above-mentioned text messages between Brown and others. Sergeant Meredith testified about overseeing the controlled purchases between Gravely and Brown. Meredith explained that he did not see Brown during the first controlled purchase, but that another member of the investigation team had. As for the second purchase, Sergeant Meredith testified that he observed Brown pulling out of the parking lot, as did another investigation team member. Defense counsel successfully objected to Meredith's testimony about what the other law enforcement officer saw during the second purchase, arguing that

Meredith could not testify about what someone else saw. No such objection was made to Meredith's testimony about the first controlled purchase.

Jury deliberations occurred on day three of trial. Approximately an hour and a half into deliberations, the court received a note from the jury foreperson stating that there was a juror who refused to consider anyone else's opinion and that the juror kept referring to Mexican law. The court read the contents of the note to counsel outside the presence of the jury. There being no objection to the court's proposal to remind the jury of its obligations, the court brought the jury back into the courtroom and reminded the jury that they had sworn that they would try the issues according to the law on which the court had instructed them and the evidence that they had heard in the courtroom. The court also reminded jurors that they each had to decide the case for themselves. Later that day, the jury returned a verdict of guilty on four of five charges, acquitting Brown of Count Five, the count pertaining to the second controlled buy. The court polled each juror after reading the verdict, and each confirmed that the verdict was his or her own verdict.

On September 25, 2020, the court received a letter from a juror in which the juror expressed regret about his decision to find Brown guilty. The letter was docketed under seal on September 28, 2020. ECF No. 80-1. The juror explained that he would have liked to have seen more evidence and that he did not vote how

he would have liked to. He mentioned that he was the only Hispanic man on the jury but did not explain the significance of that fact.

On January 7, 2021, Brown, by counsel, filed a Motion for New Trial pursuant to Federal Rule of Criminal Procedure 33(b)(1). In that motion, Brown contended that the juror who sent the court the note in September 2020 had contacted the Office of the Federal Public Defender in late October 2020, telling defense counsel that he had been coerced into voting guilty because another juror made threats against him. Defense counsel submitted a declaration from the juror along with the motion, in which the juror swore that he had been mocked and intimidated during jury deliberations due to his Mexican heritage, that he had been accused of trying to apply Mexican law during deliberations, that another juror had told him about his guns and had puffed out his chest in the concerned juror's face, and that other jurors had told the concerned juror to agree with the others and to not embarrass them.

The court denied Brown's motion. In doing so, it found that the concerned juror's declaration was inadmissible because it fell within Federal Rule of Evidence 606(b)'s prohibition against the admission of statements that occurred during jury deliberations and fell outside any of the rule's exceptions. *United States v. Brown*, No. 1:20CR00014, 2021 WL 2981207, at *3–4 (W.D. Va. July 15, 2021). The court subsequently sentenced Brown to a total term of 248 months' incarceration. Brown appealed, with the same attorney representing him on appeal, asserting error to the

denial of a new trial. The court of appeals affirmed, finding that Brown had failed to identify evidence under Rule 33 that qualified as newly discovered. *United States v. Brown*, No. 21-4554, 2022 WL 2914730, at *3 (4th Cir. July 25, 2022) (unpublished). The court noted that motions for a new trial grounded on a reason other than newly discovered evidence must be filed within 14 days of the verdict. *Id.* at *2

Thereafter, Brown timely filed the present pro se § 2255 motion. He argues that his trial counsel was ineffective by failing to advise him to challenge the district court's jurisdiction (Ground One), by failing to timely challenge the guilty verdict (Ground Two), by failing to challenge Brown's gun charge because the evidence was insufficient to show that the defendant constructively possessed firearms (Ground Three), and by failing to make three evidentiary objections at trial (Ground Four). The government has moved to dismiss Brown's motion. The matter is now ripe for decision.

## II.

To state a viable claim for relief under § 2255, a defendant must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The movant bears the burden of

proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). He must "state facts that point to a real possibility of constitutional error." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013).[1] "[V]ague and conclusory allegations . . . may be disposed of without further investigation by the District Court." *Id.*

Ineffective assistance of counsel claims are constitutional in nature and may be raised in § 2255 motions. Criminal defendants have a Sixth Amendment right to effective legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Ineffective assistance claims, however, are not lightly granted — "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Id.* at 686.

To that end, a defendant must satisfy a two-prong analysis showing both that counsel's performance was deficient, and that the defendant was prejudiced by counsel's alleged deficient performance. *Id.* at 687. The first prong requires a defendant to show that counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688. To satisfy the prejudice prong, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the

---

[1] I have omitted internal quotation marks, citations, and alterations here and throughout this opinion unless otherwise noted.

outcome of the proceeding would have been different. *Id.* at 694. The court is not required to analyze the two prongs of the Strickland test in order. If a defendant fails to meet the burden of proving prejudice, the reviewing court need not even consider the performance prong. *Fields v. Att'y Gen. of Md.,* 956 F.2d 1290, 1297 (4th Cir. 1992).

Brown first argues that his trial counsel was constitutionally ineffective because counsel failed to tell Brown that he had a right to challenge the court's jurisdiction. Brown specifically contends that the court lacked subject-matter jurisdiction because the offenses had not occurred on federal land. He also argues that he "committed no crimes in the district Abingdon governs." Def.'s Resp. 3, ECF No. 151. Brown's attorney's failure to advise Brown to challenge subject matter jurisdiction does not constitute behavior that falls below an objective standard of reasonableness, nor can Brown establish a reasonable probability that the outcome of the trial would have been different but for counsel's conduct. Brown was charged with offenses under federal law, so this court had subject-matter jurisdiction, regardless of the fact that Brown did not commit the crimes on federal land. 18 U.S.C. § 3231. Furthermore, Brown committed the offenses in Carroll County and Wythe County, Virginia, which are in the Western District of Virginia. Therefore,

venue was also proper. U.S. Const. amend. VI; Fed. R. Crim. P. 18.[2] Accordingly, Brown cannot establish the *Strickland* performance or prejudice prong based on where he committed the crimes or where the government tried the case and counsel's failure to inform him of any such issues.

In Ground Two, Brown contends that counsel was constitutionally ineffective for failing to timely challenge the jury verdict based on the concerned juror's post-verdict allegations. The Federal Rules of Criminal Procedure mandate that counsel file a motion to vacate a judgment within 14 days of the verdict if the motion is based on any reason other than newly discovered evidence. Fed. R. Crim. P. 33(b)(2). Here, counsel did not file the motion to vacate until January 2021, over three months after the jury returned the guilty verdict on four of the five charged counts. However, such conduct was not objectively unreasonable. As highlighted by the government, the letter to the court from the concerned juror, which was docketed shortly before the 14-day deadline, did not put counsel on notice of any non-frivolous basis for a motion. The juror merely stated that he was having second thoughts about his

---

[2] To the extent Brown is attempting to assert that the trial should have been held in a different division, his claim still fails. A local rule for the Western District of Virginia states that indictments must be filed in the division in which the crime charged is alleged to have occurred. W.D. Va. Gen. R. 2. The conduct supporting two of the charges occurred in Wythe County, which is embraced by the Abingdon division. W.D. Va. Gen. R. 2(A)(1). Moreover, the Constitution and Federal Rules of Criminal Procedure do not require that cases be tried in a particular division; such divisions are established within districts primarily for administrative purposes.

opinion of the evidence and his verdict, and he did not allege any facts that would have possibly permitted the court to consider the juror's testimony under the Federal Rules of Evidence, such as facts suggesting that extraneous prejudicial information was brought to the jury's attention, the existence of an improper outside influence, or the jury's reliance on racial animus to convict. Fed. R. Evid. 606(b); *United States v. MacDonald*, 779 F.2d 962, 964 (4th Cir. 1985) (noting that evidence to support a new trial must be admissible). "Professional standards of criminal defense advocacy do not require counsel to present frivolous arguments." *Proctor v. United States*, 729 F. Supp. 473, 476 (D. Md. 1990), *aff'd*, Nos. 90–6268, 90–6288, 1990 WL 111936 (4th Cir. July 23, 1990) (unpublished). Therefore, Brown cannot satisfy the deficient performance prong of the *Strickland* test by his failure to file a motion based on the juror's letter to the court.

Moreover, even if the docketed letter had put counsel on notice to investigate and file a motion within the time remaining to file a non-newly discovered-evidence-based motion, his motion would have been denied for the same reasons it was later denied with the submission of the even more detailed juror declaration, as explained in the court's earlier opinion, *Brown*, 2021 WL 2981207, at *3–4. Thus, Brown cannot establish prejudice.

In Ground Three, Brown contends that his counsel was ineffective for failing to challenge the evidence regarding Brown's possession of the firearms found in the

vehicle on July 3, 2019.  He specifically alleges that the evidence was insufficient to show that he constructively possessed the firearms in that "there was no DNA or fingerprints or evidence" of possession.  Def.'s Resp. 2, ECF No. 151.

Counsel cannot be constitutionally ineffective for failing to make arguments that lack merit.  *Robinson v. United States*, Nos. 4:12-cv-03340-RBH, 4:11-cr-00537-RBH-1, 2014 WL 5771708, at *4 (D.S.C. Nov. 5, 2014).  Furthermore, counsel is not required to argue every nonfrivolous point on appeal, "only when ignored issues are clearly stronger than those presented," should courts find ineffective assistance of counsel for failure to pursue claims on appeal.  *United States v. Mason*, 774 F.3d 824, 828–29 (4th Cir. 2014).

Brown cannot establish deficient performance or prejudice.  "[E]vidence is sufficient to support a conviction if, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Coleman v. Johnson*, 566 U.S. 650, 654 (2012).  Possession is an essential element of both of Brown's firearms offenses.  *United States v. Moody*, 2 F.4th 180, 192 (4th Cir. 2021); *United States v. Saunders*, 660 F. App'x 211, 213 (4th Cir. 2016) (unpublished).  While proximity alone is not enough to prove constructive possession, where other circumstantial evidence is probative, proximity plus inferred knowledge will support guilt.  *United States v. Laughman*, 618 F.2d 1067, 1077 (4th Cir. 1980).  "A person may have

constructive possession of contraband if he has ownership, dominion, or control over the contraband or the premises or vehicle in which the contraband was concealed." *United States v. Herder*, 594 F.3d 352, 358 (4th Cir. 2010).

Here, the jury heard evidence beyond mere proximity. It heard that Brown was in a vehicle in which two loaded firearms were found. Brown was the driver and the sole occupant of that vehicle. He engaged in suspicious behavior in that he fled law enforcement when he came across a license checkpoint and fled again by foot after he wrecked the vehicle. One of the two loaded firearms was in an unlocked safe located in the vehicle's backseat. Drugs and drug paraphernalia were also found in the vehicle. All of this constituted circumstantial evidence to support a finding that Brown had knowledge, dominion, and control over the firearms. Thus, considering the substantial evidence of constructive possession, the lack of DNA or fingerprint evidence on the firearms does not undermine the jury's conclusions, and counsel was not ineffective by failing to raise an argument that lacked merit. Moreover, even if counsel had non-frivolous grounds to raise on appeal, the fact that he chose to focus on the jury issue rather than a far-fetched sufficiency of the evidence argument does not rise to the level of constitutionally ineffective assistance. *Mason*, 774 F.3d at 828–29.[3]

---

[3] Brown concedes that his attorney thought the "juror issue was bigger" than the constructive possession issue. Def.'s Mot. 8, ECF 139.

In Ground Four, Brown argues that his counsel was ineffective (1) by failing to object to Gravely's testimony because she was a "non-credible witness," in that she breached her confidential informant contract by selling meth (2) by failing to object to the introduction of the cell phone messages, and (3) by failing to object to Sergeant Meredith's testimony about what another law enforcement officer saw during the first controlled buy. Def.'s Mot. 8, ECF No. 139. None of these claims have merit.

Credibility issues are for the jury to resolve. *United States v. Scheffer*, 523 U.S. 303, 313 (1998). Thus, counsel could not have successfully objected to Gravely's testimony solely on credibility grounds. Moreover, the record shows that defense counsel did elicit testimony about Gravely's breach of her confidential informant agreement. Trial Tr. 291–93, ECF No. 93. Thus, Brown cannot establish he was prejudiced because the jury was aware of Gravely's breach and had the opportunity to consider that breach in determining how to weigh Gravely's testimony.

The second claim is based in part on Brown's contention that law enforcement failed to obtain a search warrant for the phone on which the messages were found. However, the record establishes that law enforcement did obtain a warrant to search Brown's cell phone, so this argument is without merit. Investigator Edwards testified under oath to such fact. *Id.* at 137. Brown also argues that the government

did not prove that the phone was his, that the warrant "should state the scope of info. that's relevant to case," and that counsel failed to object to the government's "leading the jury" while introducing the text messages. Def.'s Resp. 2, 3 ECF No. 151. Brown's claim regarding possession of the phone fails for the same reason his possession argument regarding the firearms fails. Furthermore, Brown does not allege that the search warrant, to which Edwards testified about, failed to sufficiently describe the place to be searched or the things to be seized. U.S. Const. amend. IV. Additionally, defense counsel elicited testimony from Investigator Edwards that the text messages at issue did not explicitly say anything about drugs and that Edwards was unsure what "it" was when referring to the message stating, "I got it." Trial Tr. 171–72, ECF No. 93. Finally, considering the overwhelming evidence introduced at trial beyond the text messages, Brown cannot establish he was prejudiced by counsel's failure to object to the admission of the messages or the government's phrasing of questions to Investigator Edwards regarding the messages. Thus, none of the arguments made by Brown regarding the messages show that counsel was constitutionally ineffective.

Third, Brown cannot establish he was prejudiced by counsel's failure to object to one portion of Sergeant Meredith's testimony in which Meredith testified about a fact to which he did not have personal knowledge. The jury heard that Meredith did not see Brown during the first controlled buy, so it was able to take that fact into

consideration in determining the credibility of Sergeant Meredith's testimony. Gravely also testified about Brown's involvement in that controlled buy, so the jury did not rely solely on Meredith's testimony in rendering its verdict on Count Four. In sum, Brown has not satisfied the *Strickland* prejudice prong because he cannot establish a reasonable probability that, but for counsel's failure to object to a small portion of Meredith's testimony, the outcome of the trial would have been different.

## III.

For these reasons, the United States' Motion to Dismiss will be granted, and the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, will be dismissed. A separate final order will be entered herewith.

DATED: July 7, 2023

/s/ JAMES P. JONES
Senior United States District Judge